**SCHULTZ et al. v. DAMRON et al.**
(No. 7941.)

Court of Civil Appeals of Texas. San Antonio.
Feb. 8, 1928.

1. Schools and school districts ⊗⇒53(1)—In school trustee election contest, whether election officers had fraudulently not counted or had substituted ballots held for jury.

In contest filed by certain candidates for offices of trustees of common school district, on ground of fraudulent acts of officers presiding at election, whether election officers had fraudulently not counted or had substituted ballots so as to cause election of contestants' opponents *held* for jury.

2. Trial ⊗⇒139(1), 140(1)—Credibility of witnesses and weight of their testimony are for jury.

Credibility of witnesses and weight to be given their testimony are for jury.

Appeal from District Court, Hidalgo County; J. E. Leslie, Judge.

Election contest filed by W. C. Schultz and another against M. M. Damron and another. Judgment for contestees, and contestants appeal. Affirmed.

———

⊗⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Don A. Bliss, of San Antonio, for appellants.

E. A. McDaniel, of McAllen, and Geo. P. Brown and Cameron & Epperson, all of Edinburg, for appellees.

FLY, C. J. This is a contest, filed by W. C. Schultz and J. F. Froelich, of the election of M. M. Damron and E. C. Chastain as trustees of common school district No. 17, in Hidalgo county, on the ground of the fraudulent acts of A. Damron, presiding judge of the election, M. F. Babb, associate judge of the election, and Harry Lucas and Charles Carmichael, the clerks of said election. The fraud of said officers was alleged to have "consisted in not counting for us ballots that were actually cast in our favor and in substituting false ballots in the place of the ballots actually cast by qualified voters for us at said election, thus making it appear that a majority of the ballots were cast in your favor." The contest was submitted to a jury through special issues, and upon their answers thereto judgment was rendered for appellees, who were contestees in the trial court.

The notice of contest did not set out the names of the voters whose ballots were alleged to have been altered or substituted, but the notice was not open to attack through a general demurrer, and the cause will be considered as though the notice of contest had all the required allegations or grounds of contest.

The jury found that Santiago Uballe, whose right to vote was probably assailed on the ground that he was not an American citizen, was born in the United States; that the votes of John Theser, Mary Theser, Anton Theser, Mrs. M. F. Babb, Mateo Garcia, Manuel Garcia, Mrs. Chris Sapp, and Chris Sapp did not vote for the contestants and did not have their votes substituted by the officers of the election, by placing ballots in the ballot box for contestees. None of these voters were mentioned in the notice of contest, but we may presume that the questions were given in response to some claim about the substitution on the part of appellants. The evidence sustains the findings of the jury. The evidence showed that M. J. Babb, husband of Mrs. M. J. Babb, who claims to have voted for contestants, but whose ballot showed that she voted for contestees, was one of the judges of the election, assisted in counting the ballots, and signed a certificate to the effect that contestees had received 38 votes and contestants 23. He did not swear that there was any fraud up to the time the election was closed, and the certificate unchanged was in evidence at the trial. The evidence did not disclose any circumstance tending to show a substitution of the ballots of any one, during the time of the election, or show any op-portunity for such substitution to have been made without the knowledge of Babb and the other officers of the election. That the substitution was not made afterwards would appear from the fact that the result of the election as shown by the certificate had not been altered after the polls closed. We cannot indulge in the presumption that Babb would be a party to substituting a ballot for contestees cast by his wife for contestants. He claimed to have voted for contestants and signed the certificate showing the election of contestees.

[1, 2] The only testimony that could be construed as tending to show substitution of ballots was the testimony of several voters that they had voted for contestants when the ballots showed votes for contestees. The presiding officer of the election swore positively that each ballot handed him was numbered and placed in the ballot box. Babb swore that he was present, saw the votes handed in, and saw no substitution. The jury evidently discredited the evidence of voters who swore they voted for contestants and did not believe there had been any substitution.

They were the arbiters in the matter, judges of the credibility of the witnesses and the weight to be given their testimony.

The judgment will be affirmed.